# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**July 30, 2024**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**WANDA COOPER,**
**Claimant Below, Petitioner**

**v.) No. 24-ICA-55**   (JCN: 2021009850)

**LOWES HOME CENTERS, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Wanda Cooper appeals the January 9, 2024, order of the Workers' Compensation Board of Review ("Board"). Respondent Lowes Homes Centers, Inc., ("Lowes") filed a response.[1] Ms. Cooper did not reply. The issue on appeal is whether the Board erred in affirming the claim administrator's order, which denied authorization for two series of right axillary nerve blocks and right suprascapular nerve blocks.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On November 5, 2020, while employed by Lowes, Ms. Cooper was reaching overhead to get a 30- to 40-pound air compressor off a shelf at work when she developed right-sided neck pain. On November 18, 2020, Ms. Cooper underwent a cervical x-ray, revealing moderate to significant degenerative changes at C5-C6 and multilevel degenerative changes with some areas of bony foraminal stenosis. On the same day, Ms. Cooper underwent a right shoulder x-ray revealing mild right acromioclavicular joint osteoarthritis with no evidence of acute fracture or dislocation. The claim administrator issued an order dated January 4, 2021, holding the claim compensable for cervical strain and right shoulder strain.

Ms. Cooper was seen by Phillip Surface, D.O., on July 12, 2021. Ms. Cooper reported pain, primarily located in the right side of her neck with radiation into the

---

[1] Ms. Cooper is represented by Patrick K. Maroney, Esq. Lowes is represented by Tracey B. Eberling, Esq.

1

shoulder. She also complained of headaches and numbness and tingling in her fingers. Dr. Surface diagnosed Ms. Cooper with cervical degenerative disc disease, osteoarthritis of the AC joint, primary osteoarthritis of the shoulder, cervical radiculopathy, and subacromial bursitis of the right shoulder joint. Ms. Cooper followed up with Dr. Surface on September 2, 2022. Dr. Surface diagnosed Ms. Cooper with subscapular bursitis, a cervical strain, and cervical degenerative disc disease.

On October 11, 2022, Syam Stoll, M.D., evaluated Ms. Cooper. Ms. Cooper reported that she was using a motorized blue lift to retrieve a compressor on November 5, 2020, when she injured her neck and shoulder. She further reported that she did not immediately feel pain following the incident, but later developed progressively worsening neck pain that radiated into the right shoulder with headaches. Ms. Cooper was released to return to work by her treating doctor on January 25, 2021, with a twenty-pound lifting restriction. Dr. Stoll diagnosed Ms. Cooper with neck pain, cervical disc degeneration, and a strain of the right shoulder and upper arm. Dr. Stoll noted that Ms. Cooper's imaging studies showed extensive preexisting degenerative disc disease from C3 through C6 with hypertrophy and facet arthropathy. Dr. Stoll found Ms. Cooper's cervical and right shoulder strain injuries to be at maximum medical improvement ("MMI") and in need of no further medical treatment.

Ms. Cooper was seen by Ryan Budwany, M.D., on April 6, 2023, for neck and shoulder pain. Ms. Cooper reported neck pain extending into the base of her skull and into the right shoulder and right shoulder blade. Dr. Budwany requested authorization for two series of right axillary nerve blocks and right subscapular nerve blocks for a diagnosis of cervicalgia. David Hoenig, M.D., drafted a peer review report dated May 3, 2023. Dr. Hoenig opined that Dr. Budwany's request for nerve blocks was not medically necessary in the claim, as there was no documentation of failed first-line treatment or abnormal shoulder pathology on examination. By order dated May 4, 2023, the claim administrator denied Dr. Budwany's authorization request for nerve blocks.

Ms. Cooper was deposed on September 6, 2023, and testified that she had no prior injuries or treatment to her neck or shoulder. Ms. Cooper further testified that she underwent physical therapy, but it did not eliminate her neck and shoulder symptoms.

On January 9, 2024, the Board affirmed the claim administrator's order. The Board found that Ms. Cooper failed to establish with reliable medical evidence that the requested nerve blocks are medically necessary and reasonably related to the compensable injury. Ms. Cooper now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:

(1) In violation of statutory provisions;
(2) In excess of the statutory authority or jurisdiction of the Board of Review;
(3) Made upon unlawful procedures;
(4) Affected by other error of law;
(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Ms. Cooper argues that she has continued to seek treatment for her occupational injury after medication and physical therapy failed to resolve her symptoms. Ms. Cooper further argues that the Supreme Court of Appeals of West Virginia has consistently held that a preexisting condition will not bar a claimant from receiving workers' compensation benefits.

The claim administrator must provide a claimant with medically related and reasonably necessary treatment for a compensable injury. *See* West Virginia Code § 23-4-3 (2005) and West Virginia Code of State Rules § 85-20 (2006).

Here, the Board found that Ms. Cooper failed to establish with reliable medical evidence that the requested nerve blocks are medically necessary and reasonably related to the compensable injury. The Board noted that Dr. Stoll found Ms. Cooper's cervical and right shoulder strain injuries to be at maximum medical improvement and in need of no further medical treatment. The Board further noted that Dr. Hoenig opined that the requested nerve blocks are not medically necessary for treatment of the compensable injury. The Board found no medical evidence of record to directly refute Dr. Stoll's findings on this issue.

Upon review, we find that the Board was not clearly wrong in finding that Ms. Cooper failed to establish with reliable medical evidence that the requested nerve blocks are medically necessary and reasonably related to the compensable injury. As the Supreme Court of Appeals of West Virginia has set forth, "[t]he 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996).

3

Accordingly, we affirm the Board's January 9, 2024, order.

Affirmed.

**ISSUED:** July 30, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear

4